PETER BRANDT et al., *Appellees*, v. THE LAND CREDIT TRUST COMPANY et al., *Appellees*, and LEWIS WILSON, *Appellant*.

No. 16,833.

1. PARTIES—*Trustee—Revivor—Notice of Appeal.* Where the powers of a trustee who was a party ceased after judgment, but before an appeal, notice of the appeal should have been served upon his successor.

2. PRACTICE, SUPREME COURT—*Defect of Parties on Appeal Immaterial.* A motion to dismiss because of a defect of parties

on appeal was denied and the judgment affirmed, because the merits of the case required such affirmance.

3. PARTIES—*Notice*—*Time of Trial.* A claim of error in failing to give a party personal notice of the time of trial not sustained.

Appeal from Sedgwick district court. Opinion filed January 7, 1911. Affirmed.

. *Richard E. Bird,* for the appellant.

*Thornton W. Sargent, O. A. Keach, Stanley & Stanley,* and *Brown & Brown,* for the appellees.

*Per Curiam:* In support of a motion to dismiss it is shown to the court, by documents duly authenticated, that after the judgment of the district court was rendered and before the appeal was taken the powers of a trustee, who was and is a very necessary party, ceased and a successor in trust to him was appointed. Although more than a year has elapsed no revivor has been attempted, no notice of appeal was served upon the successor in trust or any attorney of record for him, and the important interests which he represents are without the protection of a party to this appeal.

The court is very reluctant to dispose of cases otherwise than upon the merits and consequently has looked into the merits to ascertain what the situation of the appellant would be if the motion to dismiss were treated as not urged. The result is that in any event the judgment must stand.

The case stood for trial at the term at which it was disposed of, and was regularly called for trial on the day judgment was rendered. Personal notice to the appellant of the hearing was not essential. He was represented on the record by an attorney whose duty required him to follow the proceedings in court. The appellant's attorney had no agreement with anyone to advise him of the time of trial, and consequently the

charges of accident and surprise and of misconduct are not established. The court had fair ground for believing that the appellant had joined with the other bondholders and for holding that all of them were duly represented by their trustee. Consequently the court was not guilty of any abuse of discretion. As the matter was finally presented, the formal introduction of evidence was not necessary for the information of the court. Nothing else is asserted against the validity of the judgment.

Under the circumstances it makes no substantial difference whether the appeal be dismissed or the judgment affirmed. The order is that the judgment of the district court be affirmed.